UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER LEON SMITH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LAKEWOOD POLICE DEPARTMENT, *et al*.,<br><br>　　　　　Defendants. | CASE NO. C09-5446FDB<br><br>ORDER |

　　This Civil Rights Action has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and 636 (b)(1)(B), and Local Magistrate Judge's Rule MJR3 and MJR4. The Court, having reviewed plaintiff's application for IFP, complaint and the balance of the record contained herein, does hereby find and ORDER.

　　(l)　　A complaint is frivolous when it has no arguable basis in law or fact. <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma*

ORDER - 1

*pauperis* complaint before service of process under 28 U.S.C. § 1915(d).  Noll v. Carlson, 809 F.2d 1446, 575 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)).

(2) Plaintiff's complaint appears to call into question the validity of his arrest, which occurred on or about October 22, 2006.  More specifically, Plaintiff is challenging the search and seizure of evidence leading to his arrest while he was at the Golden Lion Motor Inn.

In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."  Heck v. Humphrey, 512 U.S. 477, 489 (1994).  The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id.

Plaintiff's claims call into question the legality of his arrest and, possibly, his current confinement at the Washington State Penitentiary.  It appears from the Complaint that Plaintiff is arguing defendants illegally searched motel records and then conducted a warrantless search and arrested him based on information they obtained without probable cause.  Based on the above facts, such claims must first be raised in a petition for writ of habeas corpus -- not a § 1983 civil rights claim for money damages.  Significantly, Plaintiff has not shown that he has previously successfully challenged the October 2006 arrest.  Thus, it appears a § 1983 claim for monetary damages is premature.

(3) Plaintiff has failed to describe how each defendant was personally involved in the alleged deprivations.  In order to state a claim under 42 U.S.C. § 1983, a complaint must allege facts showing how individually named defendants caused or personally participated in causing

the harm alleged in the complaint. <u>Arnold v. IBM</u>, 637 F.2d 1350, 1355 (9th Cir. 1981). Plaintiff's complaint does not show that any of the individuals or entities named as defendants personally participated in the alleged civil rights violations.

(4) Due to the deficiencies described above, **by no later than October 2, 2009**, Plaintiff shall either file an amended complaint, curing, if possible, the above noted deficiencies, or show cause why this matter should not be summarily dismissed. If an amended complaint is not timely filed or if plaintiff fails to adequately respond, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915, and such dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

(5) The Clerk is directed to send plaintiff a copy of this Order and the General Order.

DATED this 31st day of August, 2009.

J. Richard Creatura
United States Magistrate Judge

ORDER - 3