UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER LEON SMITH,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>LAKEWOOD POLICE DEPT., *et al.*,<br><br>　　　　　Defendants, | Case No. C09-5446FDB<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR**:<br>October 9, 2009 |

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4. This Civil Rights action directly challenges the propriety of plaintiff's arrest and the validity of a police search of motel records. Plaintiff seeks money damages for the alleged unlawful search and seizure, which led to his arrest. The Court Recommends this action be DISMISSED WITHOUT PREJUDICE.

## DISCUSSION

When a complaint fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 575 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)). In order to state a claim under 42 U.S.C. § 1983,

REPORT AND RECOMMENDATION- 1

a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

On August 31, 2009, the undersigned reviewed the Complaint and directed plaintiff to either show cause why the matter should not be summarily dismissed or file an amended complaint curing certain deficiencies. The court specifically explained that the allegations in the Complaint challenged the propriety of plaintiff's arrest. *See* Doc. 8. The court further explained that when a person challenges the fact or duration of his physical imprisonment, and the relief he seeks is his immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 487 (1994). The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 489. "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' Id. If the court concludes that the challenge would

REPORT AND RECOMMENDATION- 2

necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." <u>Butterfield v. Bail</u>, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting* <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997)).

Here, the Complaint challenges the legality of the arresting officer's gathering of evidence prior to plaintiff's arrest at the Golden Lion Motel. In response to the court's order, directing plaintiff to address the requirement that he first proceed with a habeas corpus action before seeking monetary damages in a civil rights action, plaintiff filed an Amended Complaint (Doc. 9). The Amended Complaint is equally flawed. Plaintiff continues to allege facts, that, if proven, would undermine the lawfulness of his arrest and subsequent conviction. For instance, plaintiff continues to challenge the legality of the arresting officer's search of the motel records, which led to plaintiff's arrest. He continues to seek monetary damages, prior to invalidating the conviction through a writ of habeas corpus. Therefore, the action for money damages is premature.

## CONCLUSION

The action should be DISMISSED WITHOUT PREJUDICE. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on October 9, 2009**,** as noted in the caption.

Dated this 16th day of September, 2009

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION- 3